**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **JOSEPH JOHNSON, JR.,** | |
| Plaintiff, | |
| vs. | **NO. 14-CV-1542 (PWG)** |
| **XEROX EDUCATION SOLUTIONS, LLC, ET AL.,** | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Xerox Education Solutions, LLC (a/k/a Affiliated Computer Services, Inc. or ACS) ("ACS"), Xerox Business Services, LLC, and Xerox Corporation (collectively "Defendants") through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") respectfully file this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted.

## I.    INTRODUCTION

This case arises out of Plaintiff's unsuccessful multi-year and multi-court effort to avoid re-payment of his federal student loans.  In his frivolous efforts to foist his own debt upon the taxpayers, Plaintiff, a well-known vexatious litigant, has filed numerous lawsuits in the District of Columbia, Texas, and Maryland against Defendants and others.[1]  In brief summary, Plaintiff, a

---

[1]    Plaintiff is a "frequent filer" and has had other cases dismissed for frivolity.  *See e.g.*, *Johnson v. King*, No. 98-cv-01368-CMH (E.D.Va Dec. 9, 1999) *aff'd* 243 F.3d 538 (4th Cir. 2000) (action dismissed as frivolous pursuant to 28 USC 1915A(b)(1) and Plaintiff cautioned that his ability to proceed *in forma pauperis* in future civil actions was at risk).

convicted felon, has spent the better part of the last decade seeking to invalidate his student debt. *See Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 155-156 (D.D.C. 2008).  The crux of his failed argument is that his criminal history precludes him from pursing a career in his chosen field of paralegal studies, and therefore the loans should not have been extended.  *Id.*

Plaintiff's prior attempts to shirk responsibility for his student debt, including multiple lawsuits before the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit, were resolutely unsuccessful and the validity of Plaintiff's student debt was reaffirmed by both Courts. *See Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 155 (D.D.C. 2008), *aff'd without opinion*, No. 08-5468 (D.C. Cir. April 10, 2009) ("DC Litigation"); *Johnson v. Duncan*, No. 10-1171 (RMC), 2010 WL 4262050 (D.D.C. Oct. 29, 2010); *Joseph Johnson, Jr. v. Affiliated Computer Services, Inc., and ACS Education Solutions, LLC*, Cause No. 3:10-cv-02333-B (N.D.Tx) *aff'd per curiam, No. 12-10184* (5th Cir., December 7, 2012) ("Texas Litigation").

Plaintiff filed an initial complaint on or about February 11, 2014 in the District Court of Maryland demanding $22,640.23 in compensatory damages plus attorneys' fees, punitive damages, and injunctive relief.  Defendants timely removed the case to the Circuit Court of Maryland for Prince George's County on or about March 6, 2014.  Plaintiff amended his complaint on March 11, 2014 ("Complaint") and raised his damages claimed over the threshold necessary for federal diversity jurisdiction.  Defendants removed the case to this honorable Court on May 9, 2014.  Although Plaintiff has group-pled his allegations against all Defendants, Plaintiff's allegations arise out of the loan servicing provided by ACS.  Xerox Corporation acquired ACS in February 2010 and subsequently changed the ACS name to Xerox Education Solutions, LLC.  Defendant Xerox Business Services LLC is the corporate parent of ACS.

(Compl. ¶ 6.)   Defendant Xerox Corporation is the corporate parent of Defendant Xerox Business Services LLC.  *Id.*

Plaintiff's Complaint includes eleven counts, two of which are not causes of action recognized by Maryland.  In Count I, Plaintiff alleges that Defendants have been negligent in servicing his student loans by virtue of Defendants' alleged failure to properly post payments to the Defendant's account.  In Count II, Plaintiff alleges that Defendants have been negligent in servicing his student loans by allegedly improperly capitalizing interest.  In Count III, Plaintiff alleges that Defendants defamed Plaintiff by allegedly reporting to third parties that Plaintiff was delinquent on his student loan payments beginning on or around February 2013.  In Count IV, Plaintiff alleges conclusorily that the Defendants allegedly made defamatory statements starting in July 2013.  In Count VII, Plaintiff alleges that Defendants are liable under the "Maryland Fair Credit Reporting Act" for failing to correct information reported to the Consumer Reporting Agencies respecting the status of Plaintiff's student loans.  In Count IX, Plaintiff complains of unjust enrichment, but states no basis for such a conclusion.  In Count X, Plaintiff complains that Defendants have tortiously interfered with a contract between Plaintiff and the U.S. Department of Education.  In Count XI, Plaintiff dubiously alleges the existence of an agreement based upon an 'accord and satisfaction' notation made on an instrument.  In Count XII, Plaintiff complains that Defendants have caused him "loss of sleep, headaches, severe mental pain, and depression."

Plaintiff's latest effort is little more than an attempt to extort from Defendants the debts owed by Plaintiff by way of fabricated claims for damages in connection with false allegations of negligence, defamation, statutory violations, tortious interference, breach of contract, and infliction of emotional distress.  Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

Moreover, as explained herein, Plaintiff's claims are truly meritless. *First*, with respect to Plaintiff's claims for Negligent Servicing (Counts I, II, and VIII), Maryland law is clear that Plaintiffs' claims fail for Defendants owed no duty to Plaintiff. *Second*, Plaintiff's claims for Defamation (Counts III through VI) fail because Defendants have made no false statements respecting Plaintiff and because federal law specifically preempts claims for defamation in these circumstances. *Third*, Plaintiff's claims pursuant to the Maryland Fair Credit Reporting Act fail because no such law exists (Count VII). *Fourth*, Plaintiff's unjust enrichment claim fails for indefiniteness of pleading (Count IX). *Fifth*, Plaintiff's tortious interference claim (Count X) fails because Plaintiff has not alleged facts showing the interference with a contract or damage resulting therefrom. *Sixth*, Plaintiff's contract claim fails for lack of mutuality. *Finally*, Plaintiff's claims for intentional infliction of emotion distress fail because Defendants have not acted with malice and none of the alleged conduct rises to the level of opprobrium required to maintain such an action.

Stripped of conclusory and threadbare recitals of cause of action elements, Plaintiff's Complaint fails to allege facts that demonstrate a plausible entitlement to relief, and accordingly Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## II.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss

The governing standards for this motion are quickly summarized, as a motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's complaint. *Mock v. Lockheed Martin Corp.*, No. 09-1370, 2009 U.S. Dist. LEXIS 94077, at *5 (D. Md. Oct. 8, 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999)). As a result, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a claim has facial plausibility only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

In assessing a motion to dismiss, the Court should not necessarily accept all of the allegations as true when weighing the sufficiency of the complaint. Thus, a court should not accept as true allegations that are simply legal conclusions. *Id.* Similarly, the Court need not accept legal conclusions couched as factual allegations, or "conclusory factual allegations devoid of any reference to actual events." *Mock*, 2009 U.S. Dist. LEXIS 94077, at *6 (internal citations omitted). As a consequence, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a plausible claim. *Iqbal*, 556 U.S. at 678.[2]

### B. All of Plaintiff's Claims Fail for Reasons of *Res judicata* and Collateral Estoppel

#### 1. *Res judicata* Bars Plaintiff's Claims

All of Plaintiff's claims are precluded by *res judicata*. The doctrine of *res judicata* is reflects a judicial policy that a losing litigant deserves no rematch after a defeat in an adversarial

---

[2]   By way of elaboration, courts have also held that Rule 8 of the Federal Rule of Civil Procedures requires a 'showing,' rather than a blanket assertion, of entitlement to relief. *Mock*, 2009 U.S. Dist. LEXIS 94077, at *6 (citing *Twombly*, 550 U.S. at 555 n.3). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 678.

proceeding, on issues raised or that <u>should have been raised</u>.  *Colandrea v. Wilde Lake Community Association*, 361 Md. 371, 761 A.2d 899, 909 (2000) *citing Department of Human Resources v. Thompson*, 103 Md.App. 175, 652 A.2d 1183 (1995).  It avoids "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Murray Int'l Freight Corp. v. Graham*, 555 A.2d 502, 503-04 (1989) (internal quotations omitted).  The requirements of *res judicata* are:  (1) the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) the claims presented were the same or are claims that <u>could have been raised</u> in the earlier litigation; and (3) there was a final judgment on the merits.  *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008).  Here, the doctrine unquestionably applies based upon prior suits filed by Plaintiff.  In particular, Plaintiff sued Defendants in the Circuit Court of Maryland alleging various causes of action arising out of the loan servicing relationship between Plaintiff and defendant ACS.  *See Johnson v. Xerox Education Sols., et al.*, No. CAL12-26946 (Cir. Ct. Md. 2012) (Plaintiff's "2012 Action").

First, there is mutuality of parties as to Plaintiff and the Xerox Defendants:  they are the same parties as those in multiple prior lawsuits by Plaintiff, including Plaintiff's 2012 Action.

Second, the claims in this lawsuit should all have been raised in the 2012 Action.  Plaintiff filed his Amended Complaint in the earlier Maryland lawsuit on December 20, 2012.  Plaintiff's claims in the current lawsuit arose on September 21, 2011, when Plaintiff alleges the Defendants incorrectly processed a student loan payment and then improperly assessed interest on the balance.  (Compl. ¶ 22.)  Plaintiff alleges this conduct continued through February 2012.  This alleged improper account servicing forms the basis for all of Plaintiff's causes of action in this lawsuit.  Plaintiff admits in paragraph 20 of his Complaint that he knew of the alleged

improper servicing by Defendants in 2011.  All of these claims should have been raised in the 2012 Action.

Third, there was a final judgment on the merits:  the Maryland Circuit Court granted Defendants' Motions to Dismiss Plaintiff's 2012 Action based on collateral estoppel.  *N. Am. Specialty Ins. Co. v. Boston Med. Group.*, 170 Md.App. 128, 906 A.2d 1042, 1050 (Md. Ct. Spec. App. 2006) (ruling that a dismissal of a lawsuit based on an affirmative defense is a final judgment on the merits because the affirmative defense precludes the plaintiff from ever prosecuting that claim); *Turner v. David A. Bramble, Inc.*, Civ. Action No. WMN-12-1071, 2012 WL 2992253, at *2 (D. Md. July 19, 2012) (ruling that when a court dismisses a case because the complaint does not state a cause of action on which relief could be granted, this constitutes a final judgment on the merits and has preclusive effect).

In the 2012 Action, Plaintiff filed a "Motion to Strike, Amend Or Clarify June 18, 2013 Order of Court" on June 26, 2013.  On August 5, 2013, the Circuit Court granted Plaintiff's Motion and confirmed the Xerox Defendants were dismissed based on collateral estoppel.  This dismissal constitutes a final judgment for *res judicata* purposes.  *Claibourne v. Willis*, 347 Md. 684, 692, 702 A.2d 293 (1997) ("The dismissal with prejudice ... has the same *res judicata* effect as a final adjudication on the merits favorable to the defendant."); *Langhoff v. Marr*, 81 Md.App. 438, 445, 568 A.2d 844 (1990); *Bodnar v. Brinsfield,* 60 Md.App. 524, 538, 483 A.2d 1290 (1984); *Parks v. State*, 41 Md.App. 381, 386, 397 A.2d 212 (1979) ("A dismissal 'with prejudice' has been held to be as conclusive of the rights of the parties as if the action had been prosecuted to a final adjudication on the merits adverse to the complainant."); *Byron Lasky & Assoc. v. Cameron-Brown*, 33 Md.App. 231, 234, 364 A.2d 109 (1976) ("A dismissal with

prejudice is a final adjudication."). Thus, Plaintiff's claims are barred by *res judicata* and should be dismissed.

### 2. Plaintiff is Collaterally Estopped from Disputing the Validity of His Student Loans

The doctrine of collateral estoppel seeks to "avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Colandrea v. Wilde Lake Cmty. Ass'n,* 361 Md. 371, 387, 761 A.2d 899, 907 (2000) (quoting *Murray Int'l Freight Corp. v. Graham,* 315 Md. 543, 547, 555 A.2d 502, 503–04 (1989)). Maryland courts follow a four-part test to determine if a party is collaterally estopped from bringing a claim, testing whether (1) the issue presented is identical with one previously adjudicated; (2) there was a final judgment on the merits; (3) the party against whom estoppel is asserted is identical to or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a fair opportunity to be heard on the issue. *Bryan v. State Farm Mut. Auto. Ins. Co.*, 45 A.3d 936, 939 (2012).

In the instant case, Plaintiff alleges that his student loan was in dispute. (Compl. ¶ 7.) The alleged disputed status of Plaintiff's student loan forms the basis of all of Plaintiff's claims, and especially underpins Counts III through VII, which all respect alleged reporting about the status of Plaintiff's loan by one or more of the Defendants. However, Plaintiff cannot dispute his debt. He has raised the validity of the debt in multiple forums, and each time the Courts have validated the debt and dismissed Plaintiff's claims. In particular, Plaintiff challenged the validity of his student loans in the DC Litigation as well as the Texas Litigation. *See* Sept. 9, 2011 Order in Texas Litigation, attached hereto as Ex. 2; *see also* Sept 30, 2008 Order in DC Litigation, attached hereto as Ex. 3. In each instance the validity of Plaintiff's student debt was a critical issue to be heard and adjudicated, and the Courts ruled against Plaintiff and twice reaffirmed the

validity of his student debt.  The question of whether or not Plaintiff's debt was "in dispute" (as alleged in paragraph 7 of the Complaint) has been resolved by the Courts and Plaintiff may not now allege otherwise in order to spawn a new round of equally frivolous lawsuits.  Plaintiff's claims are barred by collateral estoppel and should be dismissed with prejudice.

    **C.**    **All of Plaintiff's Claims Fail as a Matter of Law for Failure to State a Claim Upon Which relief May Be Granted**

        **1.**    **Plaintiff's Claims for Negligent Servicing (Counts I, II, and VIII) Fail Because Plaintiff States No Actionable Duty of Care**

Plaintiff alleges, in Counts I, II, and VIII, that Defendants were negligent in servicing Plaintiff's loan.  Those Countsshould be dismissed because Maryland does not recognize the cause of action.  *Green v. Wells Fargo Bank, N.A.*, 927 F.Supp.2d 244, 250 (D. Md. 2013). Liability for negligence under Maryland law is predicated upon proof of four elements: "'(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.'"  *Hemmings v. Pelham Wood P'ship*, 826 A.2d 443, 451 (Md. 2003) (quoting *Todd v. MTA*, 816 A.2d 930, 933 (Md. 2003)(citations omitted)).  Moreover, in Maryland "the existence of a legal duty is a question of law to be decided by the court." *Nat'l Labor College, Inc. v. Hillier Group Architecture N.J., Inc.*, No. DKC 09-1954, 2010 WL 3609534, at *5 (D.Md. Sept. 14, 2010) (citations omitted). Accordingly, the question is properly resolved by the Court on a Motion to Dismiss.

In particular, plaintiff must prove a duty is owed to the Plaintiff by the Defendants.  *Id.* citing *Jacques v. First Nat'l Bank of Maryland*, 515 A.2d 756, 758 (Md. 1986).  It is well established Maryland law that the relationship between a loan servicer and a borrower is a contractual relationship. *Green,* 927 F.Supp.2d at 250 citing *Yousef v. Trustbank Sav., F.S.B.*, 568 A.2d 1134, 1138 (Md. Ct. Spec. App. 1990).  Maryland law makes clear that a loan servicer

owes no duty to a borrower, as required to support a claim for negligence or negligent misrepresentation.  *Green,* 927 F.Supp.2d at 250.  This rule is in line with other courts considering the issue.  *See Smith-Tyler v. Bank of America, N.A.,*Civ. Action File No. 1:12-CV-1347-TWT, 2014 WL 201040, at *5 (N.D. Ga. Jan. 16, 2014) ("To be sure, this Court has previously found that there is no duty to non-negligently service a loan"); *Wallace v. Suntrust Mortgage, Inc.,* Civ. No. 12-587-CG-B, 2013 WL 5422799, at *9 (S.D. Ala. Sept. 26, 2013) ("Alabama law has uniformly found that no cause of action for negligent or wanton servicing of a mortgage account exists under Alabama law, at least in the absence of personal injury or property damage").  As such, dismissal of Plaintiff's negligent servicing claims is appropriate because a loan servicer owes no tort duty to a plaintiff.  *Green,* 927 F.Supp.2d at 250.

### 2.     Plaintiff Fails to State a Claim for Defamation

#### a.     Plaintiff's Claims for Defamation, Slander, and Libel (Counts III through VI) Fail Because Such Claims are Preempted by Federal Law

Plaintiff alleges that "the Defendants made or caused to be made an unprivileged publication of statements to third parties statements to the effect that the Plaintiff had defaulted on his student loan with the Department of Education in the amount of $37,729.39."  (Compl. ¶ 52.)  The federal Fair Credit Reporting Act ("FCRA") expressly provides that "no consumer may bring an action or proceedings in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (2013); *Boccone v. Am. Express Co.*, No. RDB 05-3436, 2007 WL 2914909, at *6 (D. Md. Oct. 4, 2007) (dismissing Plaintiffs' defamation claim as preempted where Plaintiff failed to allege facts showing malice or willful intent); *Shah v. Collecto, Inc.*, No. Civ.A.2004-4059, 2005 WL 2216242, at *13-14 (D. Md. Sept. 12, 2005) (same); *Lema v.*

*CitiBank, Inc.,* 967 F. Supp. 150, 151 (D. Md. 1997) (denying Plaintiffs' motion for leave to file an amended complaint on the grounds that the initial complaint "was practically devoid of the necessary allegations of malice and willful intent . . .to sustain a common law negligence action in the face of the FCRA's immunity provisions, [and that Plaintiffs'] Amended Complaint must be similarly flawed.")

Plaintiff's Complaint does not allege any <u>facts</u> reflecting malice or willful intent to injure Plaintiff on the part of any of the Defendants.[3]   Accordingly Plaintiff's claims for defamation (Counts III through VI) must be dismissed.

### b.    Plaintiff's Actual Default Belies any Defamatory Activity

Even if Plaintiff's defamation claims were not preempted, Plaintiff fails to state a claim for defamation under Maryland law.  To state a claim for defamation, a plaintiff must establish "1) that the defendant made a defamatory statement to a third person, 2) the falsity of the alleged defamatory statement, 3) that the defendant was legally at fault in making the statement, and 4) that the plaintiff thereby suffered harm." *Boccone*, 2007 WL 2914909 at *7 (citing *Gohari v. Darvish,* 767 A.2d 321, 327 (Md. 2001)).  Plaintiff cannot satisfy the second element because no false report was made by any Defendant respecting Plaintiff's default status.  First, as stated in section I.B.2 above, Plaintiff is estopped from disputing the validity of his student debt, and thus any claim that depends upon Plaintiff's allegation that the debt was in dispute is barred by collateral estoppel.

Second, Plaintiff's own Complaint supports the veracity of the credit reporting.  For example, Plaintiff only alleges a dispute with respect to $24,997.02 of the $35,556.58 owed by Plaintiff as of January 31, 2012, and thus he admits that at least $10,559.56 of the debt is valid.

---

[3]      Plaintiff waves the word "malice" variously in his Complaint, but does not allege <u>facts</u> suggestive of malice.

(Compl. ¶ 73).[4]  Plaintiff does not allege that he made any payments toward the satisfaction of his debts, nor does he allege that the loans were in any state of forbearance from the period January 31, 2012.[5]  Through sleight of hand, Plaintiff alleges that a payment was made in February 2012 in the amount of $12,390, and alleges that Defendants failed to post the payment. (Compl. ¶ 40.)  Plaintiff's allegation is false, misleading, and does not support his position. What Plaintiff conceals from this Court is the fact that his purported payment of $12,290 payment was presented by Plaintiff as an attempt to use accord and satisfaction to discharge the entirety of his debt.  (*see* Ex. 1 attached hereto.)[6]  Plaintiff's resort to pre-21st century trickery failed, and the $12,290 check presented as accord and satisfaction was returned to him.  Plaintiff does not allege that he attempted to make any legitimate payments.  He may not mislead this Court by artfully pleading around the facts identified in his Complaint and the documents referenced therein.

In the absence of a payment since at least January 2012 and/or forbearance or other agreement respecting the status of Plaintiff's debt, the Plaintiff's debt is in indeed in default, and ACS is correct to report the status of the loan as such.  *See Berenice Thoreau de la Salle v. America's Wholesale Lender*, No. CIV S-09-2701, 2010 U.S. Dist. LEXIS 36319 (E.D. Cal. Apr.

---

[4]     This example is illustrative only of the fallacy in Plaintiff's Complaint.  Defendants dispute any allegation that any portion of Plaintiff's debt lacks validity, and the Courts in the DC Litigation and the Texas Litigation agree.

[5]     Plaintiff admits that as of August 21, 2011 his student loans were no longer in deferment status.  (Compl. ¶ 37.)

[6]     When a plaintiff relies upon or references documents in a complaint but fails to make the pertinent document part of the complaint, the defendant may attach the document to a motion to dismiss the complaint, and the Court may consider the document without converting the motion to one for summary judgment.  *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).  Paragraph 40 of Plaintiff's complaint specifically references the $12,390 check.

13, 2010).   Plaintiff thus cannot plead that the statements respecting his credit were false, and accordingly, Plaintiff cannot satisfy the elements of defamation.

> **3.      Plaintiff's Claim Under the Maryland Fair Credit Reporting Act (Count VII) Fails Because There is No Such Act and Plaintiff Admits the Validity of the Debt at Issue**

Plaintiffs' claims for improper or false credit reporting the under the "Maryland Fair Credit Report Act" cannot be sustained because there is no such law in Maryland.  Plaintiff has not provided any statutory citation to resolve the vagueness of his pleading, and as a consequence has failed to state a claim.  Even assuming that Plaintiff could articulate a statutory claim, which Defendants are at a complete loss to do in his stead, his claim nonetheless fails on the basis that the Plaintiff admits that he was in default on his student loans.  *See Berenice Thoreau de la Salle v. America's Wholesale Lender*, No. CIV S-09-2701, 2010 U.S. Dist. LEXIS 36319 (E.D. Cal. Apr. 13, 2010) (No action can lie under the *federal* FCRA where the plaintiff admits truth of the creditor's report to the credit agency); *see also Abadian v. Lee*, 117 F. Supp. 2d 481, 487 (D. Md. 2000) (Truth is an "absolute defense" to defamation).

Plaintiff has admitted that no payments were made on his student loans from the period commencing January 31, 2012 to the present.  Plaintiff has not alleged that he ever resumed making payments of his obligation.  Plaintiff cannot plausibly state a claim when the only allegedly false statement is controverted by Plaintiff's admission of facts clearly indicating that Plaintiff failed to pay the amounts due on his student loans during the period in which the alleged statements were made to the credit reporting agencies.[7]  Defendants were justified in reporting his delinquency.

---

[7]     Plaintiff's group pleading of allegations against all Defendants concerning reports made to the credit reporting agencies is misleading.  For purposes of the motion to dismiss standard, and without any admission, Defendants accept as true Plaintiffs allegations that

### 4.    Plaintiff's Claim for Unjust Enrichment (Count IX) Fails to State any Facts

To state a claim for unjust enrichment, a plaintiff must show "(1) A benefit conferred upon the defendant by the plaintiff; (2) An appreciation or knowledge by the defendant of the benefit; and (3) The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 843 A.2d 252, 299-300 (Md. 2004). Plaintiff's Complaint merely alleges a conclusion that "the Defendants have been unjustly enriched at the expense of the Plaintiff, and thus Plaintiff has been unjustly deprived." (Compl. ¶ 86). This is precisely the sort of threadbare recital of elements that *Iqbal* warns against, and must be dismissed by the Court. *Iqbal,* 556 U.S. at 678.

### 5.    Plaintiff's Claim for Tortious Interference (Count X) Fails

To state a claim for tortious interference, a plaintiff must establish "(1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting." *Maternal-Fetal Med. Assocs. of Md., LLC v. Stanley-Christian*, 2013 WL 3941970 at * 19 (Md. Ct. Spec. App. July 24, 2013). Plaintiff has not alleged that the purported contract between Plaintiff and the U.S. Department of Education was breached in any respect. Moreover, Plaintiff does not complain of any damages flowing from any allegedly wrongful interference. Plaintiff's damage allegations with respect to Count X are no different than the damages he complains about with respect to the negligence-based and defamation-based claims. In each instance the

---

all Defendants made such statements even though such alleged statements may have been made only by one (or none) of the Defendants.

damage relates to reporting about Plaintiff's credit reporting.  Plaintiff has failed to plead facts sufficient to suggest that such alleged damage is the result of any improper interference with an enforceable contract between Plaintiff and any third party.  Furthermore, Plaintiff's claim for tortious interference fails because Plaintiff has not alleged a single fact suggestive of malice.

### 6.    Plaintiff's Claim for Breach of Contract (Count XI) Fails for Lack of Mutuality and Lack of Acceptance

The elements of a breach of contract action under Maryland law are: "(1) the defendant owed the plaintiff a contractual obligation; and (2) the defendant breached that obligation." *Allstate Ins. Co. v. Warns,* 2013 WL 6036694 at *7 (D. Md. Nov. 12, 2013).  More specifically, in the context of accord and satisfaction Courts look especially for indica of mutual assent that "the parties entered into an agreement to compromise and settle the dispute" *Weston Builders & Developers, Inc. v. McBerry, LLC,* 891 A.2d 430, 449 (Ct. Spec. App. Md. 2006).  Here, Plaintiff has alleged no such indicia, notwithstanding his trickery in trying to create a novation with remarks on his check.  Plaintiff alleges that Defendants agreed to accept $12,290 as payment in full for the substantially larger student debt he owes because Plaintiff noted a check with 'accord and satisfaction' language.  Defendants were under no contractual obligation to accept Plaintiff's notated check, and in fact Defendants returned the $12,290 presented as accord and satisfaction was returned to him.  *See* Ex. 1.  Plaintiff may not mislead this Court by artfully pleading around these facts undisputed by his Complaint and the documents referenced thereby.

### 7.    Plaintiff's Claim for Intentional Infliction of Emotional Distress (Count VI) Fails Because Plaintiff Has Not Pled Outrageous Conduct with a Causal Connection to Plaintiff's Alleged Injury

Intentional infliction of emotional distress requires the following elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a casual connection between the wrongful conduct and the emotional distress; and

(4) the emotional distress must be severe." *Harris v. Jones,* 380 A.2d 611 (1977). The tort should be "used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Mixter v. Farmer*, A.3d 631, 637 (2013).  As a threshold matter, Plaintiff's claim for emotional distress fails because there is no causal connection between any physical injury on the part of Plaintiff and the actions of Defendants.  As explained throughout, Plaintiff's student debts are valid and thus any mental anguish incurred by Plaintiff has nothing to do with Defendants actions, but instead is a proximate result of his own unwillingness to accept responsibility for his debts.

In addition, the allegations relating to Plaintiff's negligence claims (Counts I and II) clearly fall short of the elements of intentional infliction of emotional distress because negligence is, by definition, not intentional.  Additionally it is neither extreme nor reckless to make a negligent mistake, which is what Plaintiff alleges.  Even Plaintiff's defamation-related claims (Counts III, IV and V), which include <u>conclusory</u> allegations that the conduct was "intentional" fail to meet this standard, as there is nothing outrageous or opprobrious about accurately reporting the delinquency of a valid debt.

### III.    CONCLUSION

Pursuant to Rule 12(b)(6) and for the reasons set forth above, Defendants respectfully request that this Court dismiss the Complaint with prejudice and award such other relief as the Court deems just and necessary.

Respectfully Submitted,


_____ /s/

Richard James Mitchell, Esq.
Bar No. 017752
K&L Gates LLP
1601 K Street NW
Washington, DC 20006
Tel.  202.778.9029
Fax.  202.778.9100
jamie.mitchell@klgates.com


Dated:  May 16, 2014