**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **JOSEPH JOHNSON, JR.** | * | |
| | | |
| **Plaintiff,** | * | |
| | | |
| **v.** | * | **Case No.: GJH-14-CV-1542** |
| | | |
| **XEROX EDUCATIONAL SOLUTIONS** | * | |
| **LLC,** *et al.* | | |
| | * | |
| **Defendants.** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

This Memorandum Opinion addresses Plaintiff's Motion to Remand, ECF No. 11, Defendants' Opposition and Cross Motion for Leave to File Amended Notice of Removal, ECF No. 18, and Plaintiff's Reply, ECF No. 20. The Court finds a hearing is unnecessary. *See* Local Rule 105.6. For the reasons articulated below, Plaintiff's motion is DENIED. Defendants' Motion to Amend their Notice of Removal is GRANTED.

### I.     BACKGROUND

Plaintiff Joseph Johnson, Jr. filed this lawsuit on February 11, 2014 in the District Court for Prince George's County, Maryland against Defendants Xerox Education Solutions, LLC, Xerox Business Services, LLC, and Xerox Corporation. ECF No. 1 at ¶ 1. After Defendants demanded a jury trial, on March 7, 2014, the case was removed to the Circuit Court for Prince George's County, Maryland. *Id.* at ¶ 3.

On April 11, 2014, Plaintiff filed an amended complaint, doubling the causes of action from six to twelve. *Id.* at ¶ 4. Defendants filed a motion to dismiss Plaintiff's original complaint

on April 14, 2014. ECF No. 21-2. Apparently belatedly realizing Plaintiff had filed an amended complaint, on May 9, 2013, Defendants filed a notice of removal to this Court based on federal diversity jurisdiction. ECF No. 1. Plaintiff has filed the instant motion to remand. ECF No. 11.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is proper over any action that a plaintiff could have filed in federal court. *See id.*

Plaintiff challenges Defendants' removal on various grounds. He argues that this Court lacks jurisdiction because Defendants did not properly allege diversity, the parties are not diverse, and the amount in controversy does not exceed $75,000. ECF No. 11 at 7–14. Plaintiff also contends that Defendants waived their right to remove the action to federal court by filing a motion to dismiss in state court. In addition, Plaintiff complains that Defendants did not attach all necessary documents to the notice of removal. *Id.* at 4–7. Plaintiff requests compensation for his time in preparing the motion for remand. *Id.* at 15–17.

### 1.    Diversity

Plaintiff argues that Defendants were required but failed to allege that Plaintiff was a citizen of Maryland at the commencement of his lawsuit. ECF No. 11 at 8. Plaintiff also denies that he is a citizen of Maryland. *Id.* Defendants request that the Court permit them to amend their Notice of Removal to assert that Plaintiff was a citizen of Maryland at the commencement of his

2

lawsuit, and Defendants assert that they have sufficiently shown Plaintiff's citizenship. ECF No. 18 at 4–5.

### a.    Leave to Amend

28 U.S.C. § 1332 governs federal jurisdiction based on diversity of citizenship. Where the basis of removal is diversity, diversity of citizenship must exist at the time the action was filed in state court and at the time of removal. *Kessler v. Home Life Ins. Co.*, 965 F.Supp 11, 12 (D. Md. 1997). Here, Defendants alleged in their Notice of Removal that Plaintiff is a citizen of Maryland, ECF No. 1 at ¶ 6, however, Defendants did not state that Plaintiff was a citizen of Maryland at the time the action was filed. Defendants request leave to amend their notice to includes the allegation that Plaintiff was a citizen of Maryland at the commencement of his lawsuit. ECF No. 18 at 4–5.

Federal courts typically allow amendments to removal petitions to cure a technical defect but not to add a missing jurisdictional allegation. *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp. 2d 728, 730 (D. Md. 2006). For example, on the one hand, courts have found that stating the residences of the parties instead of the domiciles or incorrectly stating a principle place of business are technical defects that can be corrected. *Id.* (*citing Muhlenbeck v. KI, LLC,* 304 F. Supp. 2d 797, 800 (E.D. Va. 2004)). On the other hand, courts have decided that failure to allege fraudulent joinder or failure to allege a particular basis for removal are mistakes that cannot be corrected. *Id.* (*citing Iceland Seafood Corp. v. Nat. Consumer Cooperative Bank*, 285 F.Supp. 2d 719, 726–27 (E.D. Va. 2003) (basis for removal), *and Tincher v. Ins. Co.*, 268 F.Supp. 2d 666, 667 (E.D. Va. 2003) (fraudulent joinder)).

3

Here, given Defendants' allegation that Plaintiff is a citizen of Maryland, their failure to allege that Plaintiff was a citizen of Maryland when he filed his complaint is a technical defect. Thus, the Court grants Defendants' motion to amend the notice of removal.

### b.    Citizenship

Defendants assert that Plaintiff is a citizen of Maryland because Plaintiff previously established, before another federal district court, that he was a Maryland citizen. ECF No. 18 at 3–5. Further, Defendants also cite that Plaintiff is a current Maryland resident. *Id.* at 3. Plaintiff responds by stating that he is not a Maryland citizen. ECF No. 11 at 8.

The party seeking to invoke the jurisdiction of the federal court, in this case Defendants, has the burden of showing jurisdiction is proper. *See Sligh v. Doe,* 596 F.2d 1169, 1170 (4th Cir. 1979). "For purposes of [f]ederal diversity jurisdiction, a party is a citizen of the State of which he is domiciled." *Deese v. Hundley*, 232 F.Supp. 848, 849 (W.D. S.C. 1964), (*citing Williamson v. Osenten*, 232 U.S. 619, 624 (1914)). A domicile is created by ". . . physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Courts presume that once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *Dyer v. Robinson*, 853 F. Supp. 169, 172–73 (D. Md. 1994); *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986). Thus, a party's previous domicile is presumed to continue unless and until it appears that the party was physically present in another state and he intended to remain in that state indefinitely. *O'Brien v. Jansen*, 903 F.Supp. 903, 904 (D. Md. 1995). Moreover, an individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile. *See District of Columbia v. Murphy,* 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his

4

domicile until facts adduced establish to the contrary."); *Granite Trading Corp. v. Harris*, 80 F.2d 174, 176 (4th Cir. 1935); *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir. 1972).

In 2012, Plaintiff established that he was domiciled in Maryland before the United States Court of Appeals for the Fifth Circuit. *Johnson v. Affiliated Computer Servs., Inc.*, 500 Fed. Appx. 265, 265–66 (5th Cir. 2012) (noting Plaintiff's address as Fort Washington, MD and stating that "[w]ith respect to diversity of citizenship, the supplemental materials provided by Defendant ACS Education Solutions, LLC demonstrate that at all times its members were completely diverse from Johnson"); *see also* ECF No. 18-4 at ¶ 4, Plaintiff's Amended Complaint in *Johnson v. Affiliated Computer Servs., Inc.*, Civil Action No: 3:10-CV-2333 ("The Plaintiff was a citizen of and resident in Fort Washington, Maryland . . .").

The Court takes judicial notice of the facts presented in Plaintiff's prior litigation in another jurisdiction. *See Colonial Penn Ins. Co v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation and internal quotation marks omitted). Thus, Plaintiff has previously established a domicile in Maryland, and he is presumed to remain a citizen in Maryland. *See Dyer v. Robinson*, 853 F. Supp. 169, 173 (D. Md. 1994). Plaintiff has not put forth any evidence to rebut this presumption. Indeed, Plaintiff notes that he still resides in Fort Washington, Maryland, ECF No. 4 at ¶ 2, which is a fact that also favors a finding that Plaintiff continues to be a citizen of Maryland. Plaintiff's blanket denial of Maryland citizenship in his brief to the Court, which is not evidence, is insufficient to rebut the presumption of continued Maryland citizenship. With the unrebutted presumption that Plaintiff is a current citizen of Maryland, Defendants have met their burden of showing that all Defendants, citizens of Texas and Connecticut, are diverse from Plaintiff, a citizen of Maryland.

## 2.     Amount in Controversy

Plaintiff disputes that the amount in controversy is over $75,000. Plaintiff alleges twelve theories of recovery, several requesting at least $50,000 in damages and attorney's fees. ECF No. 4. Plaintiff attempts to minimize these amounts by stating that he is not entitled to attorney's fees because he is representing himself and by stating that he is only seeking one set of $50,000 damages based on separate theories of recovery. ECF No. 11 at 11–12. Plaintiff also asserts that Defendants, being the removing parties, are required to demonstrate to a legal certainty that Plaintiff's claims exceed $75,000. *Id.* at 11. Defendants assert that Plaintiff's damage requests exceed $75,000 because at least some of his counts are separate harms and not simply differing theories for the same harm. ECF No. 18 at 5–6.

Courts generally determine the amount in controversy by reference to the plaintiff's complaint. *See Wiggins v. North Amer. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016–17 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). If the plaintiff's complaint alleges less than $75,000, then a defendant who seeks to remand must show to a legal certainty that the amount in controversy is above $75,000. *See Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp. 2d 506, 509 (D. Md. 2002) ("Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed.").

Under certain circumstances, a plaintiff's smaller claims can be aggregated to reach the $75,000 required for federal diversity jurisdiction. *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). For example, in *Shanaghan*, the plaintiff sought recovery on three separate debts and jurisdiction was proper because the amount of the debts together, but not individually, met the

threshold amount for federal jurisdiction. *Id.* at 108–09; *see also Siegerist v. Blaw-Knox Co.*, 414 F.2d 375, 381 (8th Cir. 1969) (permitting aggregation of the values of a trademark infringement claim and a unfair competition claim to measure the amount in controversy); *Connolly v. Volvo Trucks North America, Inc.,* 208 F.R.D. 600, 600–01 (N.D. Ill.2002) (aggregating plaintiff's three claims where each claim asserted its own injury and request for compensation: one claim was for pain and suffering prior to death, one claim was for survivors' pecuniary loss due to decedent's death, and one claim was for medical and funeral expenses as a result of decedent's death).

By contrast, claims that are simply pleading alternative legal theories to recover for one harm cannot be aggregated to reach the amount in controversy threshold. *See Delph v. Allstate Home Mortg., Inc.*, 478 F.Supp. 2d 852, 854–55 (D. Md. 2007); *Instituto Nacional De Comercializacion Agricola (Indeca)* v. *Continental Ill. Nat'l Bank & Trust Co. of Chi.,*576 F. Supp. 991, 1004 (N.D. Ill.1983). In other words, ". . . where two or more claims are alternative theories for recovery of the same harm, they may not be aggregated." *Gallo v. Homelite Consumer Prods.*, 371 F.Supp. 2d 943, 947 (N.D. Ill. 2005). In *Instituto*, a plaintiff sought recovery of money paid for goods under two separate theories—breach of contract and fraud. 576 F.Supp. at 1004. Although the plaintiff requested actual damages under each theory, plaintiff could not recover the actual damages twice under the two separate theories. *Id.*

Here, in count one, Plaintiff alleges negligent servicing and/or failure to use due diligence for improperly rejecting Plaintiff's student loan payments and thereby inflating the interest on Plaintiff's loan. ECF No. 4 at ¶ 7–30. He asserts that Defendants had a duty to properly service his loan and ensure that payments were applied to his student loans. *Id.* at ¶ 8. Plaintiff alleges that Defendants did not process his checks and improperly assessed interest against his loan. *Id.*

7

at ¶ 18. According to Plaintiff, Defendants rejected his payments and then falsely established that Plaintiff was in default to share in the profits from collection costs. *Id.* at ¶ 27. He requests $50,000 in damages. *Id.* at ¶ 30. In count three, Plaintiff asserts a claim for defamation, libel, and slander based on allegations that the Defendants falsely reported that Defendant was delinquent on his student loans. *Id.* at ¶ 42. Plaintiff alleges that because Defendants reported his loans as being delinquent, he suffered a lower "FICO" score, was denied employment, was humiliated, and suffered mental anguish. *Id.* at ¶ 45. He requests $50,000 in damages on this count as well. *Id.*

Based on these two counts alone, Plaintiff could potentially recover damages of $50,000 for Defendants' alleged negligence in failing to process his loan payment and inflating the interest owed and recover separate damages of $50,000 for Defendants' false credit reporting that caused Plaintiff to be humiliated and denied employment. These are not two separate theories for the same recovery. Unlike the buyer in *Instituto*, who alleged that she lost a specific amount of money due either to the seller's breach of contract or to the seller's fraud, 576 F. Supp. at 1004, here, Plaintiff is alleging separate injuries. Plaintiff's damage requests as to the negligent services claim and as to the defamation, libel, and slander claim are similar to the separate damage requests in *Connolly*, 208 F.R.D. at 601, for (1) pain and suffering damages and (2) medical and funeral expenses. As such, the Complaint, on its face, alleges over $75,000 in damages and satisfies the amount in controversy for federal diversity jurisdiction. *See* 28 U.S.C. § 1332. As Plaintiff's Complaint puts the amount in controversy above $75,000, Defendants are not required to prove to a legal certainty that Plaintiff could recover more than $75,000 if he prevailed. *See Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp. 2d 506, 509 (D. Md. 2002) ("Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is

proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed.").

### 3.     Waiver

Plaintiff also argues that Defendants waived their right to removal by filing a motion to dismiss in the state court action. "For waiver to have occurred, a defendant must have taken some affirmative action in state court after its right to remove exists." *Johnson v. Celotex Corp.,* 701 F.Supp. 553, 555 (D. Md. 1988), *superseded by statute on other grounds as stated in Zumas v. Owens–Corning Fiberglas Corp.,* 907 F.Supp. 131, 132 (D. Md.1995). A defendant's action must be a "clear and unequivocal" intent to remain in state court. *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991). This type of waiver should only be found in "extreme situations." *Id.* (citation and internal quotation marks omitted).

A review of the state court proceedings quickly resolves this issue in Defendants' favor. Although Plaintiff submits to the Court that Defendants took affirmative action in state court by filing a motion to dismiss his amended complaint, there is no doubt that Defendants' motion to dismiss was a motion to dismiss Plaintiff's original complaint. *See* ECF No. 21-2. Plaintiff's original complaint contained six counts and his amended complaint contains twelve counts. *See* ECF Nos. 2 & 4. Further, Plaintiff's original complaint, on its face, alleged less than $75,000 in damages. *See* ECF No. 2. Defendants' motion to dismiss only addressed the six counts of the original complaint. *See* ECF No. 21-2.[1] It was only after Plaintiff amended his complaint and changed the amount in controversy that Defendants sought to remove the action to federal court. ECF No. 1 at ¶¶ 2 & 4. The only action Defendants took related to the amended complaint was

---

[1] Notably, Plaintiff previously argued, in his opposition to Defendants' state court motion to dismiss, that the motion to dismiss was moot because it related to his original complaint and not the newly filed amended complaint. ECF No. 21-4 at 9–10.

removal, thus Defendants have not waived their right to remove. *See Johnson v. Celotex Corp.,* 701 F.Supp. at 555 ("For waiver to have occurred, a defendant must have taken some affirmative action in state court *after* its right to remove exists.") (emphasis added).

### 4.    Failure to attach state court documents

Plaintiff challenges Defendants' removal as defective for failure to attach all of the state court documents. Defendants filed the required documents within the time permitted by Local Rule 103.5, rendering Plaintiff's argument moot. *See* ECF No. 21 & Local Rule 103.5.

### 5.    Attorney's fees

Finally, Plaintiff requests that this Court impose fair and just compensation to Plaintiff under 28 U.S.C. § 1447(c) for the time he expended in bringing his motion for remand. *See* 28 U.S.C. § 1447(c). As Plaintiff acknowledges in a separate part of his motion, Plaintiff is not an attorney and is not entitled to attorney's fees. *Kay v. Ehrler,* 499 U.S. 432, 432 (1991); *Doe v. Bd. of Educ. of Baltimore County,* 165 F.3d 260, 262 (4th Cir. 1998). Regardless, Plaintiff would not otherwise be entitled to attorney's fees because the case is not subject to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

### III.   CONCLUSION

For the reasons stated above, it is **ORDERED**, that Plaintiff's Motion to Remand Case (ECF No. 11) is **DENIED**. Defendants' Motion to Amend Notice of Removal (ECF No. 18) is **GRANTED.**

A separate Order shall issue.


**Dated: October 20, 2014**

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

11